


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07cr181-F

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : MEMORANDUM OF PLEA AGREEMENT |
| ROCK 'N ROLL OUTLET, INC. | : |

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, ROCK 'N ROLL OUTLET, INC., with the concurrence of the Defendant's Attorney, Thomas C. Manning, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To plead guilty to the Criminal Information filed herein.

   b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

   c. To waive knowingly and expressly the right to appeal

whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the Government of any of its rights to appeal provided by law.

d. Except as provided herein, to waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Notwithstanding the foregoing, the Defendant reserves the right to request and receive a copy of any records pertaining to the investigation and prosecution of this matter produced by the United States in response to a FOIA

2

    request submitted by an unaffiliated entity.

g. To pay a special assessment of $400.00 pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing, by presenting a check in payment of the said assessment directly to the Clerk of the Court, U.S. District Court for the Eastern District of North Carolina.

h. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

i. To voluntarily forfeit and consent to the destruction of, and sign any necessary paperwork authorizing destruction of, all items seized from Rock 'N Roll Outlet, Inc. by law enforcement on or about February 26, 2004. 18 U.S.C. § 863(c).

j. To cease and desist from further sales of drug paraphernalia, as defined in Title 18, United States Code, Section 863.

3. The Defendant represents:

a. That the Defendant has had the assistance of an attorney in connection with the charge against it. That the attorney has carefully reviewed this plea agreement with those persons designated by law and its bylaws to act on behalf of the Defendant

3

(hereinafter referred to as "Designated Employee") and that this plea agreement has been signed by a person authorized by law and the bylaws of the Defendant to execute agreements on behalf of the Defendant.

b. That it has filed with the Court prior to entry of this plea agreement the original resolution from the board of directors (or equivalent written authorization as recognized by law) which gives the authority described in paragraph (a) above to the Designated Employee and which authorizes such employee to execute the plea agreement on behalf of the Defendant.

c. That its Designated Employee has reviewed and discussed the Criminal Information in this matter with the Defendant's attorney and that the attorney has explained the Government's evidence to that Designated Employee.

d. That as a corporation, it is liable for the criminal acts of its employees acting within the scope of their employment for the benefit of the corporation.

4. The Defendant understands:

a. That as to the Criminal Information to which the Defendant is pleading guilty, the charge, code

4

    section, elements, and applicable penalties are as follows:

(1) Charge: distribution of drug paraphernalia

(2) Code sections violated: 18 U.S.C. §863

(3) Date of Offense: Between February 10, 2004 and February 26, 2004,

(4) Elements:

<u>First</u>: The Defendant, who is a person or corporation, did knowingly;

<u>Second</u>: sell or offer for sale, drug paraphernalia

(5) Maximum term of probation for a corporation: 5 years pursuant to USSG §8D1.2(a)(2)

(6) Minimum term of probation for a corporation: 1 year pursuant to USSG §8D1.2(a)(2)

(7) Maximum fine: $500,000.

(8) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2(b) above.

(9) Special assessment: $ 400.00

(10) Other penalties: forfeiture and destruction of seized items

b. That sentencing will be in accordance with the United States Sentencing Guidelines, that any sentence imposed will be without parole, and that the Court may depart from those guidelines under some circumstances.

c. That the Court is not bound by any sentence recommendation or agreement as to Guideline

5

       application, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

    d.    That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

5.    The Government agrees:

    a.    That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

    b.    That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Information; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

    c.    That it will consider any request by the United States Probation Office for early termination of probation, but it is not promising to agree to early termination of probation.

6

6. The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its positions as to those factors:

    a. A 2-level downward adjustment for acceptance of responsibility is appropriate. USSG §8C2.5(g)(2).

    b. The parties agree to jointly recommend a total criminal fine of $10,000.

    c. The parties agree to jointly recommend a two year term of probation.

This the 18 day of July, 2007.

GEORGE E. B. HOLDING  
United States Attorney

BY: ETHAN A. ONTJES  
Assistant United States Attorney  
Criminal Division

ROCK 'N ROLL OUTLET, INC.  
Defendant

BY: _____  
Authorized Company Official  
Rock Edwin Bonawitz

Thomas C. MANNING  
Attorney for the Defendant

Conditionally approved this ___ day of August, 2007. Final acceptance is deferred pending the Court's review of the Presentence Report.

APPROVED, this 4th day of September, 2007.

_____  
United States District Judge

7